UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

      Petitioner,

v.

      Case No. 24-cv-11509
      Honorable Linda V. Parker

JAMES CORRIGAN,

      Respondent.
_____/

### ORDER OF TRANSFER

Michigan prisoner Darryl McGore has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court convictions for one count of first-degree criminal sexual conduct and two counts of armed robbery which were imposed following a jury trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court).  In 1977, the state court sentenced McGore to concurrent terms of life imprisonment and 100 to 200 years imprisonment on those convictions.  McGore has filed prior habeas petitions in federal court challenging the same convictions.  Consequently, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

1

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

McGore has filed several previous federal habeas petitions challenging the same convictions at issue in the instant petition. At least two of those petitions have been denied and dismissed with prejudice. *See* Order, *McGore v. Stine*, No. 93-cv-74094 (E.D. Mich. Sept. 15, 1994) (denying claims based upon procedural default); Order, *McGore v. Gearin*, No. 91-cv-00301 (W.D. Mich. April 30, 1991) (denying frivolous challenge to convictions). McGore has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or

successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 24, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 24, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager